UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MACHIAS SAVINGS BANK, )
)
    Plaintiff, )
)
v. ) 1:11-cv-00030-DBH
)
KEVEN C. BROOKS, et al., )
)
    Defendants )

REPORT OF TELEPHONE CONFERENCE
AND ORDER

    I held a telephone conference at Bangor, Maine, on Monday, May 2, 2011, commencing at 4:30 p.m. and concluding at 4:50 p.m., with the following persons participating:

    Curtis E. Kimball, Esq. for Plaintiff

    Kevin C. and Cheri L. Brooks, Defendants appearing *pro se*

    Mark S. O'Brien, Esq. for Interested Party Small Business Administration

    Greg Fuller, Loan Officer at Plaintiff Bank

    I scheduled this conference with the parties to discuss Plaintiff's recently filed Motion for Clarification (Doc. No. 10). After discussion, I clarified that the federal court does not have a compulsory mediation process for residential foreclosures. There are no federal court approved mediators who would provide this court with the type of mediator's report set forth under Rule 93(n) of the Maine Rules of Civil Procedure, nor has a timely request for mediation been made under Rule 93(c).

    I also inquired whether anyone maintained that anything in this pending foreclosure action had been done in violation of the "Home Affordable Modification Program" ("HAMP"), a government program created pursuant to the October 3, 2008, Emergency Economic Stabilization Act, 12 U.S.C. § 5201 (2008). No one suggested that federal law had been violated in any way, and additionally, my own

independent research seems to indicate that the majority of federal courts that have considered this question have concluded that there is no private right of action under HAMP and thus no separately enforceable federal rights implicated by this foreclosure proceeding involving residential property. Durmic v. J.P. Morgan Chase Bank, NA, No. 10-CV-10380-RGS, 2010 WL 4825632, *2 n.9, 2010 U.S. Dist. Lexis 124603, *8-9 n.9 (D. Mass. Nov. 24, 2010) (Order on Mot. to Dismiss) ("HAMP explicitly precludes any private right of action."). As to whether or not the Maine state court mediation requirement is procedural or substantive law in terms of Maine foreclosure law and the Erie doctrine, I provided no "clarification" because that issue has not been joined by any adversarial proceeding currently pending before this court.

Defendants Kevin and Cheri Brooks indicated their ongoing desire to negotiate a settlement with the Bank and Mr. Kimball, on behalf of Plaintiff, indicated his willingness to discuss a negotiated settlement. I encouraged the parties to seek a mediated settlement in accordance with Local Rule 83.11. I now remind the parties that the judicial officers of this court, including myself and Magistrate Judge Rich, are available to assist with any voluntary alternative dispute resolution process agreed to by the parties.

My entry on the pending motion is that the motion for clarification is terminated without further finding by the court. Mr. Kimball, on behalf of the movant, indicated that such a resolution would be satisfactory in light of our telephonic conversation.

## CERTIFICATE

This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

May 3, 2011 /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge